IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Scott Meshew,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 10-08175-PHX-NVW (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

This matter comes before this Court upon consideration of a *pro se* Petition for Writ of Habeas Corpus, filed on September 16, 2010, by Petitioner Timothy Scott Meshew, who is confined in the Arizona State Prison. (Doc. 1.) On January 31, 2011, Respondents filed their Answer. (Doc. 19.) Petitioner has not filed a Reply.

**BACKGROUND**

I.        Trial Proceedings.

Petitioner was charged by Indictment with three counts of molestation of a child, two counts of sexual conduct with a minor, and one count of sexual abuse. (Doc. 1-1, at 11.) The allegations stem from a complaint made by Petitioner's stepdaughter that she was touched by him inappropriately at various places between 2002 and 2004, when she was between the ages of 8 and 10. (Id.) Specifically, in the Indictment, Petitioner was charged with Count 1, Sexual Conduct with a Minor, alleged to have occurred on or about June, 2002, at a residence in Golden Valley, Arizona; Count 2, Molestation of a Child, alleged to have

1 | occurred on or about June, 2002, at the same residence; Count 3, Sexual Conduct with a
2 | Minor, alleged to have occurred on or about June, 2003, at the same residence; Count 4,
3 | Molestation of a Child, alleged to have occurred on or about June, 2003, at the same
4 | residence; Count 5, Sexual Abuse, alleged to have occurred on or about June, 2003, at the
5 | same residence; and Count 6, Molestation of a Child, alleged to have occurred on or about
6 | June, 2004, at a different residence on Bacobi Road in Golden Valley, Arizona. (Doc. 13,
7 | Exh. A, at 1-2.)

Petitioner proceeded to trial in 2006, and at its conclusion, the presiding judge directed a verdict on Count I, and, as the jury was unable to reach a verdict on the remaining counts, a mistrial was declared. (Doc. 13, Exh. A, at 1.) A second trial commenced during 2006 on the remaining five charges (renumbered as counts 1-5). (Id., at 3.) After the state rested, over Petitioner's objection, the court amended the charges to conform to the evidence, and presented the jury with verdict forms which eliminated the address and month of each alleged offense (June), leaving only the year. (Id.) Each year related to a separate summer vacation visit. (Id.) At the conclusion of the trial, Petitioner was found guilty of Count 1: Attempted Child Molestation (2002); Count 2: Sexual Conduct With a Minor (2003); Count 3: Molestation of a Child (2003); Count 4: Sexual Abuse (2003); and Count 5: Child Molestation (2004). (Id., at 3-4.) Petitioner was sentenced to mitigated sentences on all counts; the court also ordered counts two three, and four to be served concurrently, and consecutive to counts one and five, for a total term of 31 years of imprisonment, with a term of community supervision to follow. (Id., at 4.)

II.     Direct Appeal.

Petitioner appealed his judgment and conviction to the Arizona Court of Appeals. Petitioner's appointed counsel filed an Anders[1] brief, indicating she could find no arguable issues to raise on appeal. (Doc. 13, Exh. A.) Petitioner thereafter filed a *pro se* Supplemental Opening Brief, raising the following six issues: (1) Petitioner's right to

---

[1]Anders v. California, 386 U.S. 738 (1967).

- 2 -

confront adversarial witnesses was violated when the trial court permitted Court appointed Special Advocates ("CASA") to deliver a presentation to prospective jurors; (2) Petitioner was denied the right to effective assistance of counsel; (3) Petitioner was subjected to double jeopardy by holding a second trial after a previous trial on the same charges ended in a mistrial; (4) the state failed to satisfy its burden of proof with respect to each element of the crimes charged and whether the trial court failed to adequately inform the jury of the state's burden of proof; (5) the trial court's failure to hold an evidentiary hearing prior to trial constituted a violation of Petitioner's due process and equal protection rights; (6) the trial court erred in imposing sentences for counts 1 and 5 and for imposing consecutive sentences, that the failure to sever the counts for trial resulted in fundamental error, depriving him of a fair trial. (Doc. 13, Exh. B.)

The Court of Appeals, in a Memorandum Decision issued on July 10, 2008, affirmed Petitioner's convictions. (Doc. 1-1.) The Court ruled on the merits of Petitioner's claims, with the exception of Petitioner's ineffective assistance of counsel claim, which the court did not consider, ruling that "[s]uch claims must first be presented to the trial court in a petition for post-conviction relief." (Id., at 21.) On December 22, 2008, the Arizona Supreme Court denied review. (Doc. 13, Exh. C.)

III. Post-Conviction Proceedings.

Petitioner filed a Notice of Post Conviction Relief ("PCR"). (Doc. 13, Exh. D.) He was appointed counsel, who subsequently filed a pleading indicating that he could find no meritorious issues to raise in post-conviction proceedings. (Id., Exh. F, at 2.) Petitioner then filed a *pro se* PCR, in which he sets forth verbatim the same six claims he raised on appeal, supported, verbatim, by the same arguments. (Compare Doc. 13-1, at 18-45, with Doc. 13-2, at 1-26.)

The trial court denied relief on October 20, 2009. (Doc. 13, Exh. F.) Of the six issues Petitioner raised in his PCR, the trial court found five of them precluded pursuant to Rule 32.2(a), as having been raised on appeal. (Id., at 3.) The only claim the court addressed was Petitioner's second claim that he had been denied effective assistance of counsel. In the

subcategories of that claim, the trial court found the following allegations of shortcomings precluded as having been raised on appeal, or denied on the merits on appeal and therefore resulting in no prejudice to Petitioner: (1) counsel's failure to request an evidentiary hearing between his two trials; (2) counsel's failure to raise the double jeopardy issue before retrial; (3) counsel's failing to object to an asserted variance between the testimony and the charging document as to dates and locations; (4) failing to handle properly the [Petitioner]'s impeachment with prior felony convictions; and (5) counsel's failing to require the State to prove its case. (Id., at 3.)

> "Most of these claims were in fact made by trial counsel, which is why they were able to be addressed on appeal, but to the extent they were not the appellate court ruled that the [Petitioner] would not have been entitled to relief anyway. The [Petitioner] as to this category of claim suffered no prejudice because the Court of Appeals ruled that these issues were resolved correctly in the trial court."

(Id., at 3-4.)

The trial court denied the remaining subcategories of ineffective assistance claims, as not having been previously raised, or on the merits, "primarily because of their conclusory nature and because they [were] supported by virtually no specific facts." (Doc. 13-2, at 31.) Petitioner did not seek review of the trial court's denial of his PCR in the Arizona Court of Appeals. (Doc. 13, at 2, n1.)

IV. <u>Petition for Writ of Habeas Corpus.</u>

Petitioner raises the following claims in his habeas petition: (1) Petitioner's right under the Sixth Amendment to confront adversarial witnesses was infringed by CASA's presentation to the jury pool; (2) Petitioner's right under the Sixth Amendment to effective assistance of counsel was infringed by counsel's failure to demand an evidentiary hearing prior to trial, raise the issue of double jeopardy, strike a juror from the panel, and object to a variance between the indictment and the jury instruction; (3) Petitioner's right under the Fifth Amendment was infringed when he was tried a second time; (4) Petitioner's right under the Fourteenth Amendment was infringed when the state failed to prove the exact time and location of the offenses; (5) Petitioner's right under the Sixth Amendment was infringed when the trial court failed to conduct an evidentiary hearing before the second trial; and (6)

- 4 -

Petitioner's right under the Eighth Amendment was infringed when the trial court sentenced him to consecutive sentence. (Doc. 1, at 6-10.)

**DISCUSSION**

I.          Exhaustion and Procedural Default.

Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Pliler v. Ford, 542 U.S. 225, 230 (2004); Rose v. Lundy, 455 U.S. 509, 521-22 (1982). A petitioner has the burden of alleging exhaustion. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), cert. denied, 455 U.S. 1023 (1983). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim").

A petitioner must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claim. Id. A state prisoner "must include reference to a specific constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are not sufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). In cases not carrying a life sentence or the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, his claim is procedurally defaulted. Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two types of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. Nunnemaker, 501 U.S. at 802-05. For example, a habeas petitioner may be barred from raising federal claims that he failed to preserve in state court by making contemporaneous objections at trial or by raising the claim on direct appeal or post-conviction review. Bonin v. Calderon, 59 F.3d 815, 841-42 (9th Cir. 1995)(stating that failure to raise contemporaneous objection at trial to an alleged violation of federal rights constitutes a procedural default of that issue); Thomas v. Lewis, 945 F.2d 1119, 1121 (9th Cir. 1991)(finding procedural default where the Arizona Court of Appeals held that petitioner had waived his claims by failing to raise them on direct appeal or in his first petition for post-conviction review). If the state court found a procedural bar but also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. Harris v. Reed, 489 U.S. 255, 264 n.10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, *en banc* court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review). A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. Nunnemaker, 501 U.S. at 803. In order to "constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's default." Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994). Arizona courts have consistently applied their procedural default rules. Stewart v. Smith, 536 U.S. 856, 860 (2002)(holding that Arizona Rule of Criminal Procedure 32.2(a) is an adequate and independent procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998)(rejecting the argument that Arizona courts have not "strictly or

regularly followed" Rule 32); Carriger, 971 F.2d at 333 (rejecting the assertion that Arizona courts' application of procedural default rules had been "unpredictable and irregular").

In the second procedural default scenario, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague v. Lane, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley, 541 U.S. 386, 393-94 (2004); Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Id. The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. Id. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

### Claim Two: Ineffective Assistance of Counsel.

Petitioner's claim of ineffective assistance of counsel is procedurally defaulted. Although he raised this claim on appeal, the appellate court properly refused to consider the claim, citing State v. Spreitz, 202 Ariz. 1,3, ¶9 (2002) (claims of ineffective assistance of counsel must first be raised in a PCR proceeding). Petitioner then presented the claim in his *pro se* PCR. Upon denial of the claim however, he did not seek appellate review, which is required for the claim to be properly exhausted. See Swoopes, 196 F.3d at 1009. Petitioner did not give the state court "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Petitioner has not demonstrated cause and prejudice or fundamental miscarriage of justice to excuse his procedural default. Additionally, state court remedies are no longer available to Petitioner, as the time to seek appellate review of the trial court's decision has long past. Ariz.R.Crim. P. 32.9(c) (mandating that petition be filed within thirty days after the final decision of the trial court). Petitioner has therefore procedurally defaulted his ineffective assistance of counsel claim and federal habeas review is procedurally barred.

### Claim Six: Petitioner's Sentences Violate the Eighth Amendment.

Petitioner did not raise in the state court a claim that his sentence was cruel and unusual in violation of the Eighth Amendment, and thus he has not exhausted this claim. As he can not now return to the state court to raise this issue, the claim is procedurally defaulted. Petitioner does not demonstrate cause and prejudice, and therefore this claim should be denied. Petitioner did, however, present his other sentencing claims to the state court. He claims that the trial court erred in ordering that his sentence on counts one and five be served consecutively, and that the sentence on count five is "duplicitous" of count three, because

- 8 -

there "is not enough evidence to distinguish count five from count three." (Doc. 1, at 11.) He also argued that count one should have been dismissed as illegal, because A.R.S. §13-604.01 does not encompass attempted offenses. (Id.) Finally, he argues that count five should have been ordered to run concurrent to his sentence on the other counts. (Id.)

Petitioner does not identify the "Constitutional provision, the federal law or treaty" in support of these claims. 28 U.S.C. §2254(a). As such, they are not cognizable on habeas review. Although in his state appellate brief, in support of these claims, he made a conclusory reference to "amendments 4, 5, 6, and 14 of the United States Constitution," such offhanded references are insufficient to render a claim fairly presented for exhaustion purposes. (Doc. 13, Exh. B, at 6-1, 2.) See Gray, 518 U.S. at 163 ("[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th cir. 1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). In addition, the appellate court analyzed Petitioner's sentencing claims purely on state law grounds, and affirmed Petitioner's sentence. (Doc. 1-1, at 31-32.) Petitioner did not fairly present his sentencing claims as federal ones, and he can not now return to state court to do so. Ariz.R.Crim.P. 32.2(a)(3). Additionally, Petitioner has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Thus, Petitioner's claim six should be dismissed.

II.     Merits.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and delivering the opinion

1  of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ... ." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Williams, 529 U.S. at 404-05. "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

<u>Claim One: Petitioner's Right to Confrontation Under the Sixth Amendment.</u>

Petitioner claims his right to confront adversarial witnesses "was violated when the superior court permitted a group called CASA to deliver a presentation to prospective jurors." (Doc. 1, at 6.) The content of the presentation, asserts Petitioner "was prejudicial to his case" and constituted "hostile information regarding Petitioner." (Id.) Petitioner raised this issue on appeal. (Doc. 13-1, at 27-28.) Petitioner attached to his appellate brief a Memo addressed to the chief criminal county attorney, written by the CASA coordinator. (Doc. 13-1, at 45.) In the Memo, the coordinator provided the following outline of the jury pool presentation:

> Introduction - CASA is an acronym for Court Appointed Special Advocate appointed by the Judge to advocate for the best interest of a child who has come into the court system because of abuse and/or neglect.
>
> Scenario - A mother delivers a baby in the hospital. Both mother and baby test positive for methamphetamine. The baby is taken into care by Child Protective Services. CPS then goes to the mother's house and finds two more small children living in filth, with little or no food. These children are placed in foster care. After the children are declared dependent by the Court, the CASA is assigned to the case. The case may last about a year. During that time the parents are provided services to help them get off the drugs, become gainfully employed, find suitable housing, and take parenting classes so they can be reunited with the children.

> Responsibilities - The CASA forms a relationship with the child, interviews all persons relevant to the case, helps the child connect to needed services, documents significant events in the child's life, attends court hearings and makes recommendations to the Judge that serve the child's best interest. The CASA is not a legal party.
>
> Requirements - criminal background check, polygraph examination, personal interview and reference check.
>
> Closing - answer questions and hand out CASA brochures.

(<u>Id.</u>)

The clearly established federal law governing this issue is <u>Crawford v. Washington</u>, which bars admission of out-of court statements by testimonial witnesses. 541 U.S. 36, 53-54 (2004). In its decision affirming Petitioner's convictions, the appellate court noted that "'Crawford describes as one formulation of testimonial evidence 'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.'" (Doc. 1-1, at 28.) In determining how to characterize the CASA presentation, the court emphasized that CASA, in its presentation, did not speak about Petitioner, the victim in his case, or the facts of the case. As such, the court determined that the statements made by CASA were not testimonial, and thus, a right of confrontation did not arise. The court further noted that Petitioner had argued that because there is no transcript of the presentation, it is possible that it prejudiced his case. (<u>Id.</u>, at 28-29.) The court rejected that argument, however, finding that the outline of the presentation indicated that it was "in no way damaging or hostile to [Petitioner]." (<u>Id.</u>, at 29.)

Petitioner presents no rebuttal to the facts found by the court, and does not argue that the court misconstrued or misapplied governing Supreme Court precedent. The state court decision is not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim one should therefore be denied on the merits.

### Claim Three: Petitioner's Second Trial Placed Him in Double Jeopardy.

Petitioner claims that his Fifth Amendment rights were violated when he was placed twice in jeopardy when "a second trial was held after previous trial on the same charges

ended in a mistrial." (Doc. 1, at 8.) Petitioner presented this same, bare boned claim on appeal. (Doc. 13-1, at 33.) The appellate court rejected the claim, citing <u>Richardson v. United States</u>, 468 U.S. 317, 324-25 (1984) (when a mistrial occurs as the result of a "hung jury," double jeopardy does not bar a second trial). (Doc. 1-1, at 29.) Petitioner does not dispute the fact that his first trial ended in a mistrial as a result of a hung jury. The state court's decision was not contrary to clearly established federal law as determined by the United States Supreme Court, and therefore Petitioner's claim three should be denied on the merits.

<u>Claim Four: The State did not Prove the Charges Beyond a Reasonable Doubt in Violation of Petitioner's Rights Under the Fourteenth Amendment.</u>

Petitioner claims that the state did not prove the "exact time and location of the offense." (Doc. 1, at 9.) Petitioner raised this claim in the state court, asserting that "[a]t a minimum in order for actus reus to be proven the act, the time, the place and the relevant law must be clearly established." (Doc. 13-1, at 34-36.) The appellate court, in reviewing the issue, noted that "[d]uring jury deliberations, the jury submitted a question to the court asking whether it was necessary to find beyond a reasonable doubt than an offense occurred at the specific address charged in the indictment." (Doc. 1-1, at 15.) In response to the question, the trial court "instructed the jury that the verdict need not refer to a specific address or month and that the jury must only find beyond a reasonable doubt that [Petitioner] committed the crime charged during the year referred to in the indictment." (<u>Id.</u>, at 15-16.) The appellate court found Petitioner's claim without merit, for the reason that the "statutes only required the State to prove that [Petitioner] committed the offenses with the requisite state of mind; the time and place are not necessary elements of the actus reus of a crime." (<u>Id.</u>, at 16.)

It is axiomatic that the government must prove "every fact necessary to constitute the crime with which [the defendant] is charged" beyond a reasonable doubt. <u>In re Winship</u>, 397 U.S. 358, 364 (1970). <u>See</u> also <u>United States v. O'Brien</u>, __ U.S. __, 130 S.Ct. 2169, 2174 (2010) ("Elements of a crime must be charged in an indictment and proved to a jury beyond

- 12 -

a reasonable doubt."). The crime of Child Molestation requires proof of the following elements: intentionally and knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age. A.R.S. §13-1410(A) (2001). The crime of Sexual Abuse requires proof of the following elements: intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast. A.R.S. §13-1404(A) (2001). The crime of Sexual Conduct With a Minor requires proof of the following elements: intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age. A.R.S. §13-1405(A) (2001).

Jury instructions violate In re Winship, "if they allow a jury to convict without finding every element of the charged offense." Solis v. Garcia, 219 F.3d 933, 927 (9th Cir. 2000) (*per curiam*). An "element" is a fact that is considered "essential" to the definition of the charged offense and must be proved beyond a reasonable doubt. Dillard v. Roe, 244 F.3d 758, 772 (9th Cir. 2001). "Ordinarily, proof of the commission of the act charged any day before the indictment, and within the statute of limitations, will be sufficient." United States v. Kerr, 439 F.2d 689, 690 (9th Cir. 1971) (citing, Ledbetter v. United States, 170 U.S. 606 (1898)).

The Arizona appellate court reviewed the sufficiency of the evidence against Petitioner, and determined that evidence was presented, and the jury found, that each crime charged was committed in a specific year, and that no crimes of conviction were duplicitous. (Doc. 1-1, at 19-24, 32.) The court also noted that "Arizona Rules of Criminal Procedure provides that an indictment shall be deemed amended to conform to the evidence adduced at trial when the amendment does not change the nature of the underlying offense or result in actual prejudice to the defendant," and that by permitting Petitioner's trial jury to convict him of the charged offenses without finding a particular location was "not prejudicial to [Petitioner]," as he had notice of the charges in the Indictment. (Id., at 24, n6.)

1     The time and place of the offense are not listed as elements of the crimes charged against Petitioner. Nonetheless, Petitioner was given notice of the time and place in the Indictment, and Petitioner does not argue, and the record does not suggest, that the evidence presented at trial materially differed from the allegations in the Indictment. Thus, the state court decision is not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim one should therefore be denied on the merits.

### Claim Five: Failure of Trial Court to Conduct Evidentiary Hearing.

    Petitioner claimed that "no evidentiary hearing was held prior to [his second trial]," and that therefore "no rulings on evidence were ever put forth by the judge." (Doc. 13-1, at 37.) He further claimed that "no exhibits were put forth, no rulings on prior testimony were put forth, no rulings on search warrant requirements were put forth, no rulings on double jeopardy were put forth, and no rulings on witnesses materialized." (Id.) Such a failure he argued is "fundamental error," and that the trial court's failure to conduct the mandatory prehearing conference, as required by Rule 16.4, Ariz.R.Crim.P., was a violation of his due process and equal protection rights. (Id., at 37-38.) Petitioner fails to identify any facts or legal argument in support of the issues he believes the court should have ruled on, and as such, also fails to demonstrate that such rulings would have been in his favor.

    The Court of Appeals dismissed Petitioner's claim, explaining:

> [T]he only exhibits introduced into evidence during the second trial were two drawings the victim made of [Petitioner]'s homes, and they were properly admitted into evidence during the second trial. Furthermore, the State did not use testimony from the first trial to impeach any of [Petitioner]'s witnesses. There is no evidence that the State obtained any evidence against [Petitioner] as the result of a search or that the State was required to produce a search warrant for any reason. As to the equal protection claim, [Petitioner] failed to establish the necessary elements. The court's failure to hold an evidentiary hearing did not appear to prejudice [Petitioner] in any way and so is not a fundamental error.

(Doc. 1-1, at 31.)

    Petitioner did not present sufficient facts in support of his claims, and therefore, the state court decision is not based on an unreasonable determination of the facts in light of the

- 14 -

evidence presented in the state court proceeding. Petitioner's claim five should therefore be denied on the merits.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right, and because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 12th day of July, 2011.

_____
Michelle H. Burns
United States Magistrate Judge